Vacated and remanded by published opinion. A PER CURIAM opinion, in which Chief Judge TRAXLER and Judges MOTZ, KING, GREGORY, AGEE, DAVIS, KEENAN, WYNN, and DIAZ joined, was issued on behalf of the en banc majority. Judge KING wrote a concurring opinion, in which Judges MOTZ, GREGORY, and DAVIS joined. Judge AGEE wrote an opinion concurring in the judgment, concurring in the en banc majority opinion, and concurring in the opinion of Judge KEENAN. Judge DAVIS wrote a concurring opinion. Judge KEENAN wrote a concurring opinion, in which Chief Judge TRAXLER and Judges AGEE, WYNN, and DIAZ joined. Judge Wilkinson wrote an opinion concurring in the judgment. Judge NIEMEYER wrote an opinion concurring in part and dissenting in part, in which Judge SHEDD joined.
OPINION
PER CURIAM, for the en banc majority:[1]
On January 20, 2008, following a domestic altercation, Torrell Vann was arrested in possession of a handgun. In November of that year, the grand jury returned a single-count superseding indictment charging Vann with violating 18 U.S.C. §§ 922(g)(1) and 924. The indictment also alleged that Vann had at least three previous convictions for ACCA violent felonies, rendering him eligible for the sentencing enhancement provided for in § 924(e)(1). On December 15, 2008, Vann pleaded guilty to the offense charged, and his sentencing proceedings were scheduled for the following March.
A § 922(g) offense typically carries a statutory maximum sentence of ten years in prison. See § 924(a)(2). If the accused has three or more previous convictions for ACCA violent felonies, however, he is subject to an enhanced minimum sentence of fifteen years with a maximum of life imprisonment. See § 924(e)(1). Vann’s presentence investigation report (the “PSR”) reflected that he had three previous convictions for violating North Carolina General Statute section 14-202.1 (the “Indecent Liberties Statute” or “Statute”) that, according to the probation officer, constituted ACCA violent felony convictions and subjected Vann to the sentencing enhancement.
The text of the Indecent Liberties Statute provides, in pertinent part, as follows:
(a) A person is guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he either:
(1) Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the *773 purpose of arousing or gratifying sexual desire [“subsection (a)(1)”]; or
(2) Willfully commits or attempts to commit any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex under the age of 16 years [“subsection (a)(2)”].
N.C. Gen.Stat. § 14-202.1(a). The Statute plainly prohibits a wide range of objectionable acts and was designed to “encompass more types of deviant behavior, giving children broader protection than available under other statutes proscribing sexual acts.” State v. Etheridge, 319 N.C. 34, 352 S.E.2d 673, 682 (1987).
Vann objected to the district court’s application of the enhancement, asserting that recent Supreme Court and Fourth Circuit decisions undermined the PSR’s contention that his previous convictions were for ACCA violent felonies. See Begay v. United States, 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008) (declining to designate New Mexico felony driving under influence (“DUI”) offense as ACCA violent felony); United States v. Thornton, 554 F.3d 443 (4th Cir.2009) (same; Virginia statutory rape offense). The government, relying primarily on United States v. Pierce, 278 F.3d 282 (4th Cir.2002), responded that the PSR had correctly counted each of Vann’s three previous indecent liberties offenses as ACCA violent felonies. In Pierce, decided six years prior to Begay, we ruled that a conviction under the Indecent Liberties Statute is a “crime of violence” as contemplated by the career offender enhancement of the Sentencing Guidelines. See 278 F.3d at 284. In so ruling, we reasoned that the conduct underlying such a conviction “creates a serious potential risk of physical injury.” Id.[2]
The district court rejected Vann’s characterization of his three previous indecent liberties convictions, concluding that they were for ACCA violent felonies and that he was thus subject to § 924(e)(l)’s sentencing enhancement. As a result, on March 17, 2009, the court sentenced Vann to the statutory minimum of fifteen years in prison.[3] Vann filed a timely notice of appeal, and we have appellate jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. A divided panel of this Court affirmed Vann’s sentence, employing the “modified categorical approach” first announced in Taylor v. United States, 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), for the purpose of analyzing prior offenses to determine whether they constitute ACCA violent felonies. See United States v. Vann, 620 F.3d 431 (4th Cir.2010). Upon granting Vann’s petition for rehearing en banc, we vacated the panel opinion.
I.
A.
If we assume that we may resort to the modified categorical approach employed by *774 the panel majority, and also assume that doing so would lead to the ineluctable conclusion that a subsection (a)(2) offense is a violent felony for ACCA purposes, the government nonetheless cannot prove that Vann was convicted of violating subsection (a)(2). Judge Niemeyer’s separate opinion, concurring in part and dissenting in part (“the dissent”), contends that because Vann’s indecent liberties convictions arose from guilty pleas to conjunctively drawn indictments tracking the language of both (a)(1) and (a)(2), Vann necessarily pleaded guilty to violating both of those subsections. That position is untenable, however, as demonstrated by the legal principles generally applicable to charging documents.
First, it is settled that a charging document must allege conjunctively the disjunctive components of an underlying statute. See State v. Armstead, 149 N.C.App. 652, 562 S.E.2d 450, 452 (2002) (“Where a statute sets forth disjunctively several means or ways by which the offense may be committed, a warrant thereunder correctly charges them conjunctively.” (internal quotation marks omitted)); see also United States v. Rhynes, 206 F.3d 349, 384 (4th Cir.1999) (“Where a statute is worded in the disjunctive, federal pleading requires the Government to charge in the conjunctive.”).[4] That Vann’s predicate charging documents properly use the conjunctive term “and,” rather than the disjunctive “or,” does not mean that Vann “necessarily” pleaded guilty to subsection (a)(2). Similarly, in trials by jury, it has been established that a defendant convicted under a conjunctively charged indictment cannot be sentenced — in the absence of a special verdict identifying the factual bases for conviction — to a term of imprisonment exceeding the statutory maximum for the “least-punished” of the disjunctive statutory conduct. See Rhynes, 206 F.3d at 379-81.
Presented with a single charging document alleging alternative types of conduct in the conjunctive, the dissent effectively distinguishes a conviction like the one in Rhynes, obtained as the result of a jury verdict, from one like Vann’s, which was entered on a guilty plea. The dissent draws this critical distinction on the basis of its theory that, when a defendant pleads guilty, he necessarily admits all allegations charged conjunctively. See post at 818-19. The opposite conclusion, however, is the better-reasoned view. See Omari v. Gonzales, 419 F.3d 303, 308 n. 10 (5th Cir.2005) (“Indictments often allege conjunctively elements that are disjunctive in the corresponding statute, and this does not require either that the government prove all of the statutorily disjunctive elements or that a defendant admit to all of them when pleading guilty.”); see also Malta-Espinoza v. Gonzales, 478 F.3d 1080, 1082 n. 3 (9th Cir.2007) (“[A] plea of guilty admits only the elements of the charge necessary for a conviction.”); Valansi v. Ashcroft, 278 F.3d 203, 214-17 (3d Cir.2002) (rejecting assertion that defendant’s guilty plea to indictment charging embezzlement with “intent to injure and defraud” admitted both states of mind where intent to do either was sufficient to sustain conviction).[5]
*775 Furthermore, the dissent’s theory is incompatible with our Rhynes precedent and its underlying principles, as enunciated in Edwards v. United States, 523 U.S. 511, 118 S.Ct. 1475, 140 L.Ed.2d 703 (1998), and United States v. Quicksey, 525 F.2d 337 (4th Cir.1975). See Rhynes, 206 F.3d at 379-81. The dissent’s reliance on United States v. Gosselin World Wide Moving, N.V., 411 F.3d 502 (4th Cir.2005), post at 818-19, is misplaced, as that decision stands only for the proposition that a guilty plea admits “all the elements of a formal criminal charge.” Id. at 515. The “formal criminal charge,” as explained in Rhynes, is nothing more than the least serious of the disjunctive statutory conduct, not the entirety of the conduct alleged in the conjunctive.
B.
The materials in this case present a much flimsier foundation than that in Shepard v. United States, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), for determining the nature of the prior offenses. The charging documents against Vann relied on by the dissent, see post at 817-18, merely recite the language of the Indecent Liberties Statute, provide the dates of the alleged offenses and identities of Vann and the minor, and aver that the age requirements were satisfied. Each charging document alleges a violation of the Statute, without specifying either subsection thereof. And, consistent with North Carolina law, each properly alleges the indecent liberties offense in conjunctive fashion. Similarly, each judgment simply specifies the file number, identifies the offense as “Indecent Liberties with Minor Child” or “Indecent Liberties with Child,” denotes the pertinent statute only as “14-202.1,” and recognizes that no written findings were made. We disagree with the dissent that on this evidence we can conclude that Vann necessarily violated subsection (a)(2) of the Statute.
The dissent’s view that each of Vann’s three contested convictions violated subsection (a)(2) of the Statute is erroneous in multiple respects. First, it relies on evidence never presented to the district court.[6] It is one thing for a federal court *776 to look at a state court docket in asserting jurisdiction over a removed case, or to note a subsequent arson conviction in determining the propriety of rescinding a fire insurance settlement offer. See post at 818 (citing Lolavar v. de Santibañes, 430 F.3d 221 (4th Cir.2005); Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236 (4th Cir.1989)). It is materially different to rest a sentencing decision — transforming a ten-year maximum into a fifteen-year minimum — on the basis of evidence never presented to the district court, particularly when such evidence was not requested until after oral argument.
Moreover, it bears emphasis that the basis of the dissent’s view that Vann’s convictions “necessarily” rest on subsection (a)(2) is that the charging documents simply recite the language of the Indecent Liberties Statute. Recently, however, we ruled that a conviction under a so-called Alford plea — where the defendant does not confirm the factual basis for the plea, see North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) — does not qualify as an ACCA predicate offense when the statutory definition contains both qualifying and non-qualifying predicate crimes and no other Shepard-approved documents establish the offense on which the defendant was convicted. United States v. Alston, 611 F.3d 219, 227-28 (4th Cir.2010). As Judge Niemeyer properly recognized in Alston, “Shepard prevents sentencing courts from assessing whether a prior conviction counts as an ACCA predicate conviction by relying on facts neither inherent in the conviction nor admitted by the defendant.” Id. at 226.
Under the Alston precedent, it is inconsistent for the dissent to find that Vann “necessarily” pleaded guilty to the subsection of the Statute (subsection (a)(2)) that the dissent and Judge Keenan’s concurrence deem a violent felony under the ACCA. Indeed, to borrow from Alston its analogy derived from Shepard and from Taylor v. United States, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), if Vann had gone to trial in the underlying cases, any resulting conviction could only be used as an ACCA predicate conviction if the jury had returned a special verdict (or answered an interrogatory) specifically finding him guilty of violating subsection (a)(2) of the Statute. See Alston, 611 F.3d at 228. Instead, the dissent would have us engage in the very behavior the categorical approach is intended to avert: inappropriate judicial factfinding on appeal. See Taylor, 495 U.S. at 601, 110 S.Ct. 2143 (explaining that categorical approach avoids difficulty associated with pleaded cases in which “there often is no record of the underlying facts”).
When we consider Vann’s charging documents in their proper legal context, we cannot determine that he was convicted of violating subsection (a)(2) of the Statute. Consequently, Vann’s indecent liberties offenses are not ACCA violent felonies.
II.
Pursuant to the foregoing, we vacate the sentence imposed by the district court and *777 remand for such other and further proceedings as may be appropriate.

VACATED AND REMANDED

. This per curiam opinion is adopted and joined by nine members of the en banc Court: Chief Judge Traxler and Judges Motz, King, Gregory, Agee, Davis, Keenan, Wynn, and Diaz.

. The ACCA’s definition of a "violent felony" is nearly identical to and materially indistinguishable from the definition of a "crime of violence” under the career offender enhancement of the Sentencing Guidelines. Compare § 924(e)(2)(B), with USSG § 4B 1.2(a). We routinely rely on decisions interpreting either of those enhancement provisions in ascertaining whether a prior conviction is a crime of violence under the Guidelines or a violent felony under the ACCA. See United States v. Jenkins, 631 F.3d 680, 683 (4th Cir.2011); United States v. Rivers, 595 F.3d 558, 560 n. 1 (4th Cir.2010).

. If the district court had not ruled that Vann’s indecent liberties convictions were for violent felonies, the ACCA’s sentencing enhancement would have been inapplicable. Vann would have then faced an advisory Guidelines range of 77 to 96 months, with a ten-year statutory maximum.

. Indeed, a disjunctive charge in an indictment contravenes an accused's constitutional rights. See, e.g., The Confiscation Cases, 87 U.S. 92, 104, 20 Wall. 92, 22 L.Ed. 320 (1874) (explaining that a disjunctive charge is "wholly insufficient” and lacks "necessary certainty,” as it fails to provide "definite notice of the offence charged” and does not protect against "subsequent prosecution for one of the several offences”).

. The court in Valansi acknowledged by footnote the "common practice” of government prosecutors to "plead in the conjunctive, but *775 instruct in the disjunctive.” 278 F.3d at 216 n. 10 (quoting Dep’t of Justice Criminal Resource Manual § 227). According to the Third Circuit, the purpose of indicting in the conjunctive is to "avoid uncertainty only; just as the Government may obtain a conviction if only one of the several allegations linked in the conjunctive in the indictment is proven, so may a defendant plead guilty to only one of the allegations required to prove an element of her crime.” Id. (citation and internal quotation marks omitted). Viewed in its proper context, this footnote stands only for the proposition that, with respect to convictions based on jury verdicts and those obtained by guilty pleas, the legal effect is the same. The latter clause, quoted in isolation by the dissent, post at 818-19, in no way supports its assertion that guilty pleas are broader in scope. Nor does the Vdlansi court's use of the word "may” connote any duty on the part of a defendant to specify the precise basis for his conviction, else suffer the consequences.
Attempting to bolster its position, the dissent also relies on United States v. Still, 102 F.3d 118, 124-25 (5th Cir.1996). See post at 819-20. However, the Fifth Circuit’s observation in that case that "[wjhen Still pleaded guilty to count three [charging that he used and carried a firearm in violation of 18 U.S.C. § 924(c)(1), which prohibits such use or carrying], he admitted both to using and to carrying a firearm during and in relation to a drug trafficking crime,” is in some tension with the court’s subsequent decision in Omari. We are satisfied that Omari, which involved the application of the modified categorical approach to the Immigration and Nationality Act’s "aggravated felony” exception to appellate jurisdiction of removal decisions, is the more apposite Fifth Circuit authority in this instance.

. The state charging documents were not part of the district court record, but were obtained from the parties following the panel argument *776 in this appeal. As such, the district court had no opportunity to consider the charging documents, nor did the parties have the opportunity to litigate their validity or gauge their implications. Thus, to the extent the propriety of treating Vann’s convictions as qualifying ACCA violent felonies depends on the charging documents, the district court should consider those materials in the first instance. See, e.g., United States v. Alston, 611 F.3d 219, 225 (4th Cir.2010) (recognizing that "sentencing court” conducts ACCA analysis); Sykes, 131 S.Ct. at 2286 (Scalia, J., dissenting) ("Supreme Court briefs are an inappropriate place to develop the key facts in a case. We normally give parties more robust protection, leaving important factual questions to district courts and juries aided by expert witnesses and the procedural protections of discovery.” (citation omitted)).