**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4217**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

JOSE GUZMAN-ALVARADO, a/k/a Jose Alvarado,

                Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:10-cr-00139-RJC-1)

Submitted: November 22, 2011    Decided: December 12, 2011

Before WILKINSON and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Haakon Thorsen, Charlotte, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Richard Lee Edwards, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Guzman-Alvarado pled guilty to unlawful reentry of a deported alien, in violation of 8 U.S.C. § 1326(a), (b)(2) (2006), and was sentenced to a term of forty-six months' imprisonment.  Guzman-Alvarado appeals his sentence, contending that the district court plainly erred when it added a 16-level increase in his offense level under U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A)(ii) (2010), on the ground that he had previously been deported after being convicted of a crime of violence.  We affirm.

The enhancement Guzman-Alvarado challenges was based on his prior conviction, pursuant to an Alford[*] plea, of four counts of indecent liberties with a child, in violation of N.C. Gen. Stat. § 14-202.1 (2009).  Guzman-Alvarado contends that (1) the district court erred in failing to conduct an analysis of the indecent liberties statute under Shepard v. United States, 544 U.S. 13 (2005), to determine whether the statute categorically qualified as a crime of violence; (2) the statute is not categorically a crime of violence; and (3) his conviction, pursuant to an Alford plea, could not be used to support the enhancement because he did not admit any facts.

---

[*] North Carolina v. Alford, 400 U.S. 25 (1970).

Generally, whether a prior conviction is a crime of violence is a legal issue that is reviewed de novo. United States v. Diaz-Ibarra, 522 F.3d 343, 347 (4th Cir. 2008). Because Guzman-Alvarado failed to challenge the 16-level enhancement in the district court, he must show plain error. United States v. Olano, 507 U.S. 725, 732-37 (1993) (unpreserved error may be corrected only if error occurred, that was plain, and that affects substantial rights, and if failure to correct error would seriously affect the fairness, integrity, or public reputation of judicial proceedings); United States v. Lynn, 592 F.3d 572, 576-77 (4th Cir. 2010).

Guzman-Alvarado relies on our decisions in United States v. Vann, ___ F.3d ___, 2011 WL 4793230 (4th Cir. Oct. 11, 2011) (en banc) (Vann II) (using modified categorical approach to determine that defendant's prior North Carolina convictions for indecent liberties were not "violent felonies" under 18 U.S.C. § 924(e) (2006)), and United States v. Alston, 611 F.3d 219 (4th Cir. 2010) (applying modified categorical approach to determine that defendant's prior Alford plea to Maryland second-degree assault did not establish a "violent felony" under 18 U.S.C. § 924(e)). Neither case is helpful to him.

The term "crime of violence" is defined in Application Note 1(B)(iii) to USSG § 2L1.2 and encompasses a number of specific offenses, including "sexual abuse of a minor." We have

3

held that "sexual abuse of a minor" need not be a crime that requires the use, or threatened use, of physical force against another, but must be a crime that prohibits the "physical or nonphysical misuse or maltreatment of a minor for a purpose associated with sexual gratification." Diaz-Ibarra, 522 F.3d at 350, 352 (internal quotation marks omitted) (construing Georgia felony attempted child molestation as a "crime of violence" under USSG § 2L1.2(b)(1)(A)(ii)).

To determine whether Guzman-Alvarado's indecent liberties conviction was a crime of violence as defined in USSG § 2L1.2, we may apply the categorical approach set out in Taylor v. United States, 495 U.S. 575 (1990), unless the statute proscribes a number of offenses, not all of which qualify as crimes of violence. The analysis involves deciding whether "the conduct criminalized by the statute, including the most innocent conduct, qualifies as a 'crime of violence.'" Diaz-Ibarra, 522 F.3d at 348. To find otherwise, "there must be a realistic possibility, not a theoretical possibility, that the state would apply its statute to conduct that falls outside the definition of crime of violence." Id. (internal quotation marks and citation omitted). With respect to N.C. Gen. Stat. § 14-202.1, we conclude that there is no realistic probability that a violation of the statute could occur without the "misuse or maltreatment of a minor for a purpose associated with sexual

4

gratification." Diaz-Ibarra, 522 F.3d at 352 (internal quotation marks and citation omitted). Therefore, the categorical approach is sufficient to establish that a violation of N.C. Gen. Stat. § 14-202.1 constitutes a crime of violence for purposes of USSG § 2L1.2.

Guzman-Alvarado's reliance on Vann II is misplaced because Vann II does not address the term "crime of violence" as it is defined in USSG § 2L1.2. Rather, Vann II held that the North Carolina indecent liberties statute, viewed in light of Begay v. United States, 553 U.S. 137 (2008), proscribes both violent and non-violent felonies, as the term "violent felony" is defined in 18 U.S.C. § 924(e)(2)(B). Assuming, without deciding, that the modified categorical approach was the correct one, Vann II ultimately determined that the government had not produced Shepard-approved documents to establish that the defendant's convictions for violating N.C. Gen. Stat. § 14-202.1(a)(2) constituted "violent felonies" that would subject him to enhanced sentencing as an armed career criminal under 18 U.S.C. § 924(e). Vann II, 2011 WL 4793230, at *1-4.

Guzman-Alvarado asserts that his Alford plea, entered without his admission of guilt or any facts, cannot be used to establish a predicate offense. See Alston, 611 F.3d at 226. However, because North Carolina's indecent liberties statute is categorically a crime of violence under USSG § 2L1.2, the

5

district court did not need to consider any facts to find that Guzman-Alvarado's prior conviction for indecent liberties was a crime of violence under USSG § 2L1.2. Consequently, we are satisfied that the district court did not plainly err in treating Guzman-Alvarado's prior conviction for indecent liberties as a crime of violence that warranted the 16-level increase under USSG § 2L1.2(b)(1)(A)(ii).

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED