**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4928**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

MIGUEL ANGEL OLIVAS-ORELLANA,

               Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  James A. Beaty, Jr., Chief District Judge.  (1:09-cr-00405-JAB-1)

Submitted:  December 16, 2011        Decided:  January 5, 2012

Before NIEMEYER, MOTZ, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen III, Federal Public Defender, Mireille P. Clough, Assistant Federal Public Defender, Winston-Salem, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Miguel Angel Olivas-Orellana pled guilty to unlawful reentry of a deported alien, in violation of 8 U.S.C. § 1326(a), (b)(2) (2006). The district court sentenced him to a term of eighty-four months' imprisonment. Olivas-Orellana appeals his sentence, contending that the district court erred when it applied the sixteen-level sentencing enhancement in U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A)(ii) (2009), on the ground that he had previously been deported after being convicted of a crime of violence. We affirm.

The enhancement Olivas-Orellana challenges was based on his prior convictions, pursuant to a guilty plea, of three counts of indecent liberties with a child, in violation of N.C. Gen. Stat. § 14-202.1. Olivas-Orellana contends these convictions did not constitute crimes of violence. Whether a prior conviction is a crime of violence is a legal issue that is reviewed de novo. United States v. Diaz-Ibarra, 522 F.3d 343, 347 (4th Cir. 2008). Olivas-Orellana relies on our recent decision in United States v. Vann, 660 F.3d 771 (4th Cir. 2011) (en banc) (using modified categorical approach to determine that defendant's prior North Carolina convictions for indecent liberties were not "violent felonies" under 18 U.S.C. § 924(e) (2006)). However, this case is not helpful to him.

2

Ollivas-Orellana's reliance on Vann is misplaced because Vann does not address the term "crime of violence" as it is defined in USSG § 2L1.2. Rather, Vann held that the North Carolina indecent liberties statute, viewed in light of Begay v. United States, 553 U.S. 137 (2008), proscribes both violent and non-violent felonies, as the term "violent felony" is defined in 18 U.S.C. § 924(e)(2)(B). Assuming, without deciding, that the modified categorical approach was the correct one, Vann ultimately determined that the Government had not produced Shepard-approved documents to establish that the defendant's convictions for violating N.C. Gen. Stat. § 14-202.1(a)(2) constituted "violent felonies" that would subject him to enhanced sentencing as an armed career criminal under 18 U.S.C. § 924(e). Vann, 660 F.3d at 773-74. Thus, our decision in Vann does not determine the outcome in this case.

Instead, we begin our analysis with USSG § 2L1.2, Application Note 1(B)(iii) and the definition of "crime of violence." The definition encompasses a number of specific offenses, including "sexual abuse of a minor." We have held that "sexual abuse of a minor" need not be a crime that requires the use, or threatened use, of physical force against another, but must be a crime that prohibits the "physical or nonphysical misuse or maltreatment of a minor for a purpose associated with sexual gratification." Diaz-Ibarra, 522 F.3d at 350, 352

3

(internal quotation marks omitted) (construing Georgia felony attempted child molestation as a "crime of violence" under USSG § 2L1.2(b)(1)(A)(ii)).

To determine whether Olivas-Orellana's indecent liberties conviction was a crime of violence as defined in USSG § 2L1.2, we may apply the categorical approach set out in Taylor v. United States, 495 U.S. 575 (1990), unless the statute proscribes a number of offenses, not all of which qualify as crimes of violence. The analysis involves deciding whether "the conduct criminalized by the statute, including the most innocent conduct, qualifies as a 'crime of violence.'" Diaz-Ibarra, 522 F.3d at 348. To find otherwise, "there must be a realistic possibility, not a theoretical possibility, that the state would apply its statute to conduct that falls outside the definition of crime of violence." Id. (internal quotation marks and citation omitted). With respect to N.C. Gen. Stat. § 14-202.1, we conclude that there is no realistic probability that a violation of the statute could occur without the "misuse or maltreatment of a minor for a purpose associated with sexual gratification." Diaz-Ibarra, 522 F.3d at 352 (internal quotation marks and citation omitted). Therefore, we apply the categorical approach; using that approach, we conclude that a violation of N.C. Gen. Stat. § 14-202.1 constitutes a crime of violence for purposes of USSG § 2L1.2.

4

We therefore affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED