**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5317**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

ROBERT LIN BOWER,

              Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:10-cr-00023-WO-1)

Submitted: February 16, 2012     Decided: February 29, 2012

Before GREGORY, DUNCAN, and WYNN, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Louis C. Allen III, Federal Public Defender, Williams S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Ripley Rand, United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Lin Bower appeals his sentence of fifty-seven months of imprisonment following his guilty plea to one count of manufacturing counterfeit obligations, in violation of 18 U.S.C. § 471 (2006), and one count of being a convicted felon in possession of ammunition, in violation of 18 U.S.C. 922(g)(1) (2006). Bower challenges the enhancement of his advisory Guidelines sentencing range pursuant to U.S. Sentencing Guidelines Manual § 2K2.1(a)(4)(A) (2010). Bower claims that his previous North Carolina felony conviction for taking indecent liberties with a minor, in violation of N.C. Gen. Stat. § 14-202.1(a) (2009), should not have qualified as a crime of violence for the purposes of § 2K2.1(a)(4)(A). In light of our decision in Vann v. United States, 660 F.3d 771 (4th Cir. 2011) (en banc) (per curiam), the Government concedes that the documents necessary to establish that Bower's criminal conduct was a crime of violence under § 2K2.1(a)(4)(A) no longer exist. Therefore, the Government, admitting Bower is entitled to resentencing, requests a remand for that purpose.

In view of the Government's concession, we vacate Bower's sentence and remand for resentencing consistent with

2

this opinion.[*]  Because our determination does not implicate the validity of Bower's conviction, it is affirmed.  The Clerk is directed to issue the mandate forthwith.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED

---

[*] We note that the district court did not have the benefit of our decision in <u>Vann</u> at the time Bower was first sentenced.

3