WYNN, Circuit Judge,
concurring:
I write separately because it is unnecessary, in my view, to assume the use of the modified categorical approach in ascertaining whether Cruz’s conviction under the Oklahoma assault statute is a crime of violence.
The modified categorical approach is only to be used when a court is analyzing a prior conviction under a statute that is drafted, or interpreted to be capable of proof, in the disjunctive (i.e., with alternative elements or more than a single set of elements). See Johnson v. United States, - U.S. -, 130 S.Ct. 1265, 1273, 176 L.Ed.2d 1 (2010) (“When the law under which the defendant has been convicted contains statutory phrases that cover several different generic crimes, ... the ‘modified categorical approach’ ... permits a court to determine which statutory phrase was the basis for the conviction .... ” (internal citation and quotation marks omitted) (emphasis added)); see also United States v. Vann, 660 F.3d 771, 778 (4th Cir.2011) (King, J., concurring in judgment) (“Use of the modified categorical approach is only appropriate when the statute of conviction encompasses multiple distinct categories of behavior.”); id. at 799 (Keenan, J., concurring) (explaining that the modified categorical approach is used to determine “which proscribed criminal behavior in a disjunctively-worded statute formed the basis of a defendant’s conviction”); id. at 807 (Niemeyer, J., concurring in part and dissenting in part) (explaining that “[bjecause North Carolina’s indecent liberties statute contains at least two separate generic offenses for ACCA purposes, it is appropriate, ... to employ the modified categorical approach”).
The Oklahoma assault statute has only a single set of elements, constitutes only a single category of crime, and, consequently, our analysis should begin and end with the categorical approach. See United States v. Rivers, 595 F.3d 558, 564 (4th Cir.2010) (holding that “the statute only contains one category of crime and therefore cannot be analyzed under the modified categorical approach”); see also Vann, 660 F.3d at 782 (King, J., concurring in judgment) (“The categorical approach, when it applies ... is mandatory and dis-positive .... [TJhere is no precedent for the proposition that the categorical approach is a tool of convenience that can be discarded when the other methodology might advance the government’s interest.”). Because Cruz’s prior conviction under the Oklahoma assault statute required proof of only the “slightest touching,” Steele v. State, 778 P.2d 929, 931 (Okla.Crim.App.1989), this conviction did not have “as an element the use, attempted use, or threatened use of physical force against the person of another.” U.S.S.G. § 2L1.2, Application Note 1(B)(iii) (defining “crime of violence”); see Johnson v. United States, — U.S. -, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010) (holding that simple assault, which may be established with proof of “slightest touching,” is categorically not a violent felony for purposes of the ACCA). Therefore, and as the majority holds, “the Oklahoma assault statute *169 is not categorically a crime of violence.” Ante at 10. Our analysis should end here.