**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 11-4770**

───────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

ROBERTO RADILLA-AGUILAR,

             Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Louise W. Flanagan, District Judge.  (4:10-cr-00104-FL-1)

───────────

Argued:  September 20, 2012          Decided:  December 7, 2012

───────────

Before WILKINSON, DIAZ, and FLOYD, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

**ARGUED:** Jeffrey Michael Brandt, ROBINSON & BRANDT, PSC, Covington, Kentucky, for Appellant.  Kristine L. Fritz, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.  **ON BRIEF:** Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellant Roberto Radilla-Aguilar pled guilty to unlawful reentry of a deported alien, in violation of 8 U.S.C. § 1326(a) and (b)(2), and was sentenced to forty-seven months' imprisonment. Radilla-Aguilar appeals his sentence, contending that the district court erred when it added a sixteen-level increase in his offense level under the U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A)(ii) (2010), on the ground that he had previously been convicted of a crime of violence. For the reasons that follow, we affirm.

I.

Roberto Radilla-Aguilar is a native and citizen of Mexico and an illegal alien in the United States. In January 2009, Radilla-Aguilar pled guilty to two counts of indecent liberties with a child, in violation of section 14-202.1 of the General Statutes of North Carolina. The United States then deported Radilla-Aguilar.

Soon after his deportation in 2009, Radilla-Aguilar returned to the United States. In December 2010, a federal grand jury in the Eastern District of North Carolina indicted Radilla-Aguilar, charging him with illegally returning to the United States after having been deported subsequent to a conviction for an aggravated felony, in violation of 8 U.S.C.

2

§ 1326(a) and (b)(2). Radilla-Aguilar pled guilty to the indictment.

Thereafter, a probation officer prepared a presentence report (PSR) for Radilla-Aguilar. The PSR recommended an advisory Guidelines range of forty-six to fifty-seven months' imprisonment. As part of the Guidelines range calculation, the probation officer applied a sixteen-level enhancement to Radilla-Aguilar's base offense level based on his conclusion that Radilla-Aguilar's North Carolina conviction for indecent liberties constituted a "crime of violence" under Guidelines section 2L1.2(b)(1)(A)(ii).

Radilla-Aguilar objected before and at his sentencing hearing to the PSR's characterization of his indecent liberties conviction as a "crime of violence." The district court overruled Radilla-Aguilar's objection, concluding that application of the enhancement was warranted because Radilla-Aguilar's previous conviction for indecent liberties qualified as a "crime of violence." Accordingly, the district court sentenced Radilla-Aguilar to forty-seven months' imprisonment, which falls within the recommended advisory Guidelines range.

Radilla-Aguilar timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291.

Radilla-Aguilar asserts that his prior conviction of indecent liberties with a child did not constitute a crime of violence. Whether a prior conviction is a crime of violence is a legal issue that we review de novo. United States v. Diaz-Ibarra, 522 F.3d 343, 347 (4th Cir. 2008).

Radilla-Aguilar relies on our recent decision in United States v. Vann, 660 F.3d 771 (4th Cir. 2011) (en banc) (using modified categorical approach to determine that defendant's prior North Carolina convictions for indecent liberties were not "violent felonies" under 18 U.S.C. § 924(e)). Vann, 660 F.3d at 772-75. However, this case is unhelpful to him.

Radilla-Aguilar's reliance on Vann is misplaced because Vann does not address the term "crime of violence" as it is defined in Guidelines section 2L1.2. Rather, Vann held that the North Carolina indecent liberties statute, viewed in light of Begay v. United States, 553 U.S. 137 (2008), proscribes both violent and non-violent felonies, as the term "violent felony" is defined in 18 U.S.C. § 924(e)(2)(B). Assuming, without deciding, that the modified categorical approach was the correct one, Vann ultimately determined that the government had failed to produce enough Shepard-approved documents, Shepard v. United States, 544 U.S. 13 (2005), to establish that the defendant's

4

convictions for violating section 14-202.1(a)(2) of the General Statutes of North Carolina constituted "violent felonies" subjecting him to enhanced sentencing as an armed career criminal under 18 U.S.C. § 924(e). Vann, 660 F.3d at 773-76. Because our decision in Vann addressed a different enhancement provision than the one at issue in this case, our decision in Vann does not control the outcome in this case.

B.

Instead, our analysis begins with Guidelines section 2L1.2, Application Note 1(B)(iii) and the definition of "crime of violence." For defendants like Radilla-Aguilar who are convicted of unlawfully entering or remaining in the United States, the Guidelines mandate a sixteen-level offense level enhancement if the defendant previously was deported—or unlawfully remained in the United States—after a conviction for a felony that is a "crime of violence." U.S.S.G. § 2L1.2(b)(1)(A)(ii). The definition encompasses a number of specific offenses, including "sexual abuse of a minor." We have held that "sexual abuse of a minor" need not be a crime that requires the use, or threatened use, of physical force against another, but it must be a crime that prohibits the "physical or nonphysical misuse or maltreatment of a minor for a purpose associated with sexual gratification." Diaz-Ibarra, 522 F.3d at

5

350, 352 (quoting United States v. Padilla-Reyes, 247 F.3d 1158, 1163 (11th Cir. 2001)) (internal quotation marks omitted)(construing Georgia felony attempted child molestation as a "crime of violence" under Guidelines section 2L1.2(b)(1)(A)(ii)).

To determine whether Radilla-Aguilar's indecent liberties conviction is a crime of violence, as defined by Guidelines section 2L1.2, we may apply the categorical approach set out by Taylor v. United States, 495 U.S. 575 (1990), unless the statute proscribes a number of offenses, not all of which qualify as crimes of violence. In applying the categorical approach, we look at only the "essential elements of the offense and the fact of conviction." United States v. Baxter, 642 F.3d 475, 476 (4th Cir. 2011). This analysis involves deciding whether "the conduct criminalized by the statute, including the most innocent conduct, qualifies as a 'crime of violence.'" Diaz-Ibarra, 522 F.3d at 348. To find otherwise, "there must be 'a realistic probability, not a theoretical possibility,' that the state would apply its statute to conduct that falls outside the definition of 'crime of violence.'" Id. (quoting Gonzales v. Duenas-Alvarez, 549 U.S. 183, 193 (2007)).

The specific inquiry here is whether a violation of section 14-202.1 of the General Statutes of North Carolina can occur without the "misuse or maltreatment of a minor for a purpose

6

associated with sexual gratification." Diaz-Ibarra, 522 F.3d at 352 (quoting Padilla-Reyes, 247 F.3d at 1163) (internal quotation marks omitted). With respect to section 14-202.1, there is no realistic probability that a violation of the statute can occur without "misuse or maltreatment of a minor for a purpose associated with sexual gratification." Id. (quoting Padilla-Reyes, 247 F.3d at 1163) (internal quotation marks omitted). Therefore, we apply the categorical approach. Using that approach, we conclude that a violation of section 14-202.1 constitutes a crime of violence for purposes of Guidelines section 2L1.2. Hence, the district court committed no error when it applied the sixteen-level increase in offense level.

## III.

We therefore affirm the sentence imposed by the district court.

AFFIRMED