**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4581**

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

        v.

JOSE JUAN ALONSO-GONZALEZ,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.    Terrence W. Boyle,
District Judge.   (7:10-cr-00146-BO-1)

Submitted:  December 11, 2012      Decided:  December 20, 2012

Before MOTZ, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant.   Thomas G. Walker, United States Attorney, Jennifer
P. May-Parker, Kristine L. Fritz, Assistant United States
Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Juan Alonso-Gonzalez appeals the thirty-seven-month sentence imposed following his guilty plea, without the benefit of a plea agreement, to illegal reentry by an alien who had been convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2) (2006). On appeal, Alonso-Gonzalez challenges the district court's application of a sixteen-level sentencing enhancement, pursuant to U.S. Sentencing Guidelines Manual (USSG) § 2L1.2(b)(1)(A)(ii) (2010), upon finding that he previously had been deported after being convicted of a crime of violence. Finding no error, we affirm.

In reviewing a sentence, we must ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Guidelines range. Gall v. United States, 552 U.S. 38, 51 (2007). We review de novo the issue of whether a prior conviction constitutes a crime of violence for purposes of a sentencing enhancement. United States v. Diaz-Ibarra, 522 F.3d 343, 347 (4th Cir. 2008).

The Guidelines mandate a sixteen-level increase to the defendant's base offense level if he previously was deported from the United States following "a conviction for a felony that is . . . a crime of violence." USSG § 2L1.2(b)(1)(A)(ii). Here, the district court applied the sentencing enhancement

2

based on Alonso-Gonzalez's prior conviction, pursuant to a guilty plea, for taking indecent liberties with a child, in violation of N.C. Gen. Stat. § 14-202.1 (2009). Alonso-Gonzalez relies on our recent decision in United States v. Vann, 660 F.3d 771 (4th Cir. 2011) (en banc), to argue that this conviction does not constitute a "crime of violence" for purposes of USSG § 2L1.2(b)(1)(A)(ii).

Alonso-Gonzalez's reliance on Vann is misplaced because Vann does not address the interpretation of "crime of violence" as it is defined in USSG § 2L1.2. Rather, Vann held that the North Carolina indecent liberties statute, viewed in light of Begay v. United States, 553 U.S. 137 (2008), proscribes both violent and non-violent felonies, as the term "violent felony" is defined in 18 U.S.C. § 924(e)(2)(B) (2006). Thus, our decision in Vann does not determine the outcome in this case.

For purposes of USSG § 2L1.2(b)(1)(A)(ii), a "crime of violence" includes "sexual abuse of a minor." USSG § 2L1.2 cmt. n.1(B)(iii). We have concluded that "sexual abuse of a minor" does not require the use, or threatened use, of physical force against another, but "means the perpetrator's physical or nonphysical misuse or maltreatment of a minor for a purpose associated with sexual gratification." Diaz-Ibarra, 522 F.3d at 350, 352 (internal quotation marks omitted).

3

To determine whether Alonso-Gonzalez's indecent liberties conviction was a crime of violence for purposes of USSG § 2L1.2, we may apply the categorical approach set out in Taylor v. United States, 495 U.S. 575 (1990), unless the statute proscribes a number of offenses, not all of which qualify as crimes of violence. "Under Taylor, we look only to the statutory definition of the state crime and the fact of conviction to determine whether the conduct criminalized by the statute, including the most innocent conduct, qualifies as a 'crime of violence.'" Diaz-Ibarra, 522 F.3d at 348. To find the categorical approach inapplicable, "there must be a realistic probability, not a theoretical possibility, that the state would apply its statute to conduct that falls outside the definition of crime of violence." Id. (internal quotation marks omitted).

With respect to N.C. Gen. Stat. § 14-202.1, we conclude that there is no realistic probability that a violation of the statute could occur without the "misuse or maltreatment of a minor for a purpose associated with sexual gratification." Diaz-Ibarra, 522 F.3d at 352 (internal quotation marks omitted). Therefore, we apply the categorical approach. Using that approach, we conclude that a violation of N.C. Gen. Stat. § 14-202.1 constitutes a crime of violence for purposes of USSG § 2L1.2.

4

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

5