**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4046**
_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

         v.

MARTIN ALVAREZ-YANEZ, a/k/a Martin Abraves-Yanez,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:11-cr-00152-CCE-1)

_____

Submitted:  January 13, 2014          Decided:  January 17, 2014

_____

Before AGEE, KEENAN, and WYNN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Mark E. Edwards, EDWARDS & TRENKLE, PLLC, Durham, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Kyle D. Pousson, Special Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Martin Alvarez-Yanez appeals the forty-four month sentence imposed following this court's remand for resentencing pursuant to United States v. Vann, 660 F.3d 771 (4th Cir. 2011) (en banc). On appeal, Alvarez-Yanez challenges the district court's application of a sixteen-level sentencing enhancement under U.S. Sentencing Guidelines Manual ("USSG") § 2L1.2(b)(1)(A)(ii) (2011), upon finding that he had been deported after being convicted of a crime of violence. Finding no error, we affirm.

In reviewing a sentence, we must ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Guidelines range. Gall v. United States, 552 U.S. 38, 51 (2007). We review de novo the issue of whether a prior conviction constitutes a crime of violence for purposes of a sentencing enhancement. United States v. Diaz-Ibarra, 522 F.3d 343, 347 (4th Cir. 2008).

A defendant like Alvarez-Yanez who is convicted of illegal reentry in violation of 8 U.S.C. § 1326 (2012), faces a sixteen-level increase to his base offense level if he previously was deported from the United States following "a conviction for a felony that is . . . a crime of violence." USSG § 2L1.2(b)(1)(A)(ii). Here, the district court applied

this enhancement based on Alvarez-Yanez's prior conviction for taking indecent liberties with a child, in violation of N.C. Gen. Stat. § 14-202.1 (2013). Alvarez-Yanez relies on Vann to argue that this conviction does not constitute a "crime of violence" for purposes of USSG § 2L1.2(b)(1)(A)(ii).

We have recently held, in a published opinion, that a North Carolina conviction for taking indecent liberties with a minor qualifies categorically as sexual abuse of a minor, and therefore upheld an enhancement under the very Guideline provision at issue here. United States v. Perez-Perez, 737 F.3d 950, 951 (4th Cir. 2013). Alvarez-Yanez's arguments to the contrary are therefore foreclosed. Accordingly, the district court did not err in applying the challenged enhancement.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED