DIAZ, Circuit Judge,
concurring:
This ease raises a vexing question regarding the application of the crime of violence enhancement found in the Guidelines: To what extent does Begay’s[1] “similar in kind” test for analyzing offenses under the residual clause survive Sykes v. United States, — U.S. -, 131 S.Ct. 2267, 180 L.Ed.2d 60 (2011)?[2] Specifically, would the Supreme Court apply that test in determining whether Martin’s fourth degree burglary conviction under Maryland law qualifies as a crime of violence? Or would the Court again change course?[3]
Were I writing on a cleaner slate, I would stop after applying the “degree of risk” test the Chief Judge posits in Part III.A. of his opinion and find that Martin’s fourth degree burglary conviction is for a *495 crime of violence under the residual clause. This is so because the offense poses a risk of physical injury comparable to the risk posed by generic burglary. See James v. United States, 550 U.S. 192, 203, 127 S.Ct. 1586, 167 L.Ed.2d 532 (2007).
But, as the Chief Judge explains, it appears we must also apply Begay’s teaching here, which requires that we consider whether the offense conduct is “similar in kind” to the residual clause’s enumerated offenses — i.e., whether the offense is “purposeful, violent, and aggressive.” See 553 U.S. at 143-45, 128 S.Ct. 1581. Because negligent conduct is all that is needed in Maryland to convict someone for breaking and entering the dwelling of another, the crime does not always involve the purposeful, violent, and aggressive conduct that is typical of the Guidelines’ enumerated crimes. Thus, I am compelled to agree with the Chief Judge that Martin’s sentence was improperly enhanced.
“[T]o put it mildly,” the residual clause is “not a model of clarity.” See James, 550 U.S. at 217, 127 S.Ct. 1586 (Scalia, J., dissenting). The clause “is nearly impossible to apply consistently,” and the Supreme Court’s jurisprudence “has created numerous splits among the lower federal courts.” See Chambers v. United States, 555 U.S. 122, 133, 129 S.Ct. 687, 172 L.Ed.2d 484 (2009) (Alito, J., concurring in the judgment); cf. United States v. Vann, 660 F.3d 771, 797 (4th Cir.2011) (en banc) (Davis, J., concurring) (“At the end of the day, it may well be that Justice Scalia is right: that the residual clause of the Armed Career Criminal Act is unconstitutionally vague.”)
The Supreme Court has struggled mightily to make sense of this sphinx-like provision, but the clause remains an elusive target. We are told that a prior conviction triggers the sentencing enhancement when “the risk posed by [the offense at issue] is comparable to that posed by its closest analog among the enumerated offenses.” See James, 550 U.S. at 203, 127 S.Ct. 1586 (majority opinion). But, at least in some cases, the offense must also be “roughly similar, in kind as well as in degree of risk posed, to the [enumerated] examples.” See Begay, 553 U.S. at 143, 128 S.Ct. 1581. To be roughly similar in kind, the crime must be “purposeful, violent, and aggressive.” See id. at 145, 128 S.Ct. 1581. Fear not though, because “[i]n many cases the purposeful, violent, and aggressive inquiry will be redundant with the inquiry into risk.” See Sykes, 131 S.Ct. at 2275. As Justice Scalia noted in dissent in Sykes, however, why the inquiry will often be redundant, and when it will not be, “are not entirely clear.”[4] See 131 S.Ct. at 2285.
To further complicate matters, the Court in Sykes emphasized that “Begay involved a crime [ (driving under the influence) ] akin to strict liability, negligence, and recklessness crimes; and the purposeful, violent, and aggressive formulation was used in that case to explain the result.” Id. at 2276 (majority opinion). That statement, however, leaves open a question implicated here — whether Begay applies to all strict liability, recklessness, and negligence offenses.
I am not absolutely confident that the Court would actually apply Begay in this instance, but neither can I discount the possibility. I therefore join the Chief Judge’s opinion.[5]
*496 Beyond this case, however, “[t]he Court’s ever-evolving interpretation of the residual clause will keep defendants and judges guessing for years to come.” Id. at 2287 (Scalia, J., dissenting). I urge Congress or the Court to shed light on this “black hole of confusion and uncertainty.” See Vann, 660 F.3d at 787 (Agee, J., concurring).

. Begay v. United States, 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008).

. As the Chief Judge notes, "[w]e rely on precedents addressing whether an offense is a crime of violence under the Guidelines interchangeably with precedents evaluating whether an offense constitutes a violent felony under the Armed Career Criminal Act.” See United States v. Carthorne, 726 F.3d 503, 511 n. 6 (4th Cir.2013), cert. denied, - U.S. -, 134 S.Ct. 1326, 188 L.Ed.2d 337 (2014) (internal quotation marks omitted).

. The Supreme Court has granted certiorari in United States v. Johnson, 526 Fed.Appx. 708 (8th Cir.2013) (unpublished), on the issue of whether possession of a short-barreled shotgun is a violent felony under the Armed Career Criminal Act. Perhaps this case will give the Court an opportunity to clarify Be-gay 's continued vitality after Sykes.

. In her separate dissent, Justice Kagan (joined by Justice Ginsberg) suggested that "[the purposeful, violent, and aggressive test] will make a resurgence — that it will be de-dared non-redundant — the next time the Court considers a crime, whether intentional or not, that involves risk of injury but not aggression or violence.” See id. at 2289 n. 1.

. I do so notwithstanding Judge O’Grady's fine dissent, which does not lack for persuasive force. His analysis confirms the substantial challenge that judges face in deciding when a prior conviction is for a crime of violence.