**UNITED STATES of America,**

v.

**Edwin Gerardo Figuero SEPULVEDA,**
**Defendant.**

**Case No. 1:13–cr–00310–GBL–1.**

United States District Court,
E.D. Virginia,
Alexandria Division.

Signed Nov. 6, 2014.

Michael Ben'Ary, Stacey K. Luck, U.S. Attorney's Office, Alexandria, VA, for United States of America.

## *MEMORANDUM OPINION AND ORDER*

GERALD BRUCE LEE, District Judge.

THIS MATTER is before the Court on Defendant's Motion to Narrow Count Four to Comply with the Grand Jury Clause ("Defendant's Motion to Narrow Count Four") (Doc. 118.) This case arises from the murder of DEA Special Agent in Bogota, Colombia on June 20, 2013. The issue before the Court is whether Count 4 of the indictment comports with the Grand Jury Clause of the Fifth Amendment. The Court DENIES Defendant's Motion to Narrow Count Four to Comply with the Grand Jury Clause because the Government properly charged the two alternative offenses in the statute in the conjunctive

under *United States v. Whitfield,* 695 F.3d 288 (4th Cir.2012), and *United States v. Vann,* 660 F.3d 771 (4th Cir.2011).

## I. BACKGROUND

On July 18, 2013, a federal grand jury returned an indictment charging six defendants with the murder of DEA Special Agent James Terry Watson. (Doc. 15 ¶ 1.) The murder allegedly occurred on June 20, 2013, in Bogota, Colombia in a taxi cab as part of a scheme to rob taxi riders. (Doc. 15 ¶ 17.) The indictment charged the six defendants, including Defendant Sepulveda, with: Count 1, murder of an internationally protected person and aiding and abetting that murder, in violation of 18 U.S.C. §§ 2, 1116(a), (c); Count 3, conspiracy to kidnap an internationally protected person, in violation of 18 U.S.C. § 1201(c); and Count 4, kidnapping an internationally protected person and aiding and abetting that kidnapping, in violation of 18 U.S.C. §§ 2, 1201. (Doc. 15.)

## II. DISCUSSION

 The Court DENIES Defendant's Motion to Narrow Count Four because the Government correctly charged the two alternative offenses in the statute in the conjunctive. The Grand Jury Clause of the Fifth Amendment provides that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on presentment or indictment of a Grand Jury...." U.S. CONST. AMEND. V. The right to have a case presented to a grand jury prior to being tried or convicted of a felony is inviolable unless it is waived by the accused. *See Stirone v. United States,*

361 U.S. 212, 215–16, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960).

Courts have found that a defendant's grand jury rights were violated when a court (1) improperly instructed a jury in a manner that allowed them to convict the defendant on charges that had not been presented to the grand jury, or (2) improperly convicted a defendant to the entirety of a conjunctive count, rather than a specific portion. *See United States v. Vann,* 660 F.3d 771, 774–76 (4th Cir.2011) (citing *Omari v. Gonzales,* 419 F.3d 303, 308 n. 10 (5th Cir.2005); *United States v. Rhynes,* 206 F.3d 349, 379–81 (4th Cir.1999)). The legal analysis in those cases, however, turned on errors at the sentencing stage, not the charging phase.

In both *Whitfield* and *Vann,* the Fourth Circuit analyzed indictments which alleged conjunctively elements that are disjunctive in the underlying statute. In both cases the court held that charging, in a single count, alternative offenses contained in a statute in the conjunctive is proper. *See United States v. Whitfield,* 695 F.3d 288 (4th Cir.2012) (suggesting that the grand jury clause was implicated at sentencing); *United States v. Vann,* 660 F.3d 771 (4th Cir.2011).

In *Whitfield,* the defendant was charged with violating 18 U.S.C. § 2113(e), a statute including multiple disjunctive components.[1] 695 F.3d at 307. "The government alleged two of the three alternative offenses in the conjunctive in a single count—including a conjunctive of the attempt and the completed offense—and did not include the third alternative offense available under the statute." (Doc. 161 at

---

1. 18 U.S.C. § 2113(e) provides:
 Whoever, in committing any offense defined in this section, or in avoiding or attempting to avoid apprehension for the commission of such offense, or in freeing himself or attempting to free himself from arrest or confinement for such offense, kills any person, or forces any person to accompany him without the consent of such person, shall be imprisoned not less than ten years, or if death results shall be punished by death or life imprisonment.

5.) In reversing the defendant's conviction, the court explained:

> [T]he [two alternative offenses] were properly charged with all of their essential elements and, thus, there was no defect in the Count Four allegations. The error arose not from the indictmen[t] . . . but from the district court's instructions on an element of an uncharged offense . . . on which Whitfield was ultimately convicted and sentenced.

*Whitfield,* 695 F.3d at 308 (citing *United States v. Higgs,* 353 F.3d 281, 306 (4th Cir.2003)).

In *Vann,* the defendant contested sentences where the defendant's convictions arose from guilty pleas to conjunctively drawn indictments tracking the language of two subsections of the North Carolina indecent liberties statute.[2] *See* N.C. GEN. STAT. § 14–202.1(a); *Vann,* 660 F.3d at 774. In analyzing whether Vann's convictions were proper the court stressed that "it is settled that a charging document must allege conjunctively the disjunctive components of an underlying statute." *Vann,* 660 F.3d at 774 (citations omitted).

The Court holds that Count 4 of the indictment is properly charged because it does not violate the Fifth Amendment's Grand Jury Clause. Count 4 (kidnapping; aiding and abetting) alleges, in pertinent part, as follows:

> The allegations set forth in paragraphs 1 through 17 of this Indictment are incorporated herein by reference. . . . On or about June 20, 2013, in Bogota, Colombia . . . Edwin Gerardo Figueroa Se-

pulveda . . . aiding and abetting . . . others, *did, and did attempt to,* unlawfully seize, confine, inveigle, decoy, kidnap and abduct Special Agent Watson, an internationally protected person and an official and employee of the United States engaged in his official duties."

(Doc. 15 at 9) (emphasis added). Additionally, 18 U.S.C. § 1201 provides, in pertinent part, that "[w]hoever unlawfully *seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away* and holds for ransom or reward or otherwise any person . . . when . . . the person is . . . an internationally protected person" is subject to "imprisonment for any term of years or for life and, if the death of any person results, shall be punished by death or life imprisonment." 18 U.S.C. § 1201(a)(4) (emphasis added). The statute further provides that, "Whoever *attempts* to violate subsection (a) shall be punished by imprisonment for not more than twenty years." § 1201(d) (emphasis added). Thus, 18 U.S.C. § 1201 encompasses both kidnapping and *attempted* kidnapping, albeit in two separate subsections of the statute. *See* § 1201(a), (d).

In both *Whitfield* and *Vann* the Fourth Circuit held that the indictments therein properly charged offenses that contained different elements of proof in the same count. *Whitfield,* 695 F.3d at 295; *Vann,* 660 F.3d at 774. Like those indictments, Count 4 of the instant indictment alleges conjunctively offenses that are disjunctive in the underlying statute—kidnapping and attempted kidnapping. (*See* Doc. 15 at 9.)

**2.** The North Carolina indecent liberties statute provides, in pertinent part, that:

(a) A person is guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he either:

(1) Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of

16 years for the purpose of arousing or gratifying sexual desire ["subsection (a)(1)"]; or

(2) Willfully commits or attempts to commit any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex under the age of 16 years ["subsection (a)(2)"].

Defendant relies on *Vann* to argue that the Count 4 violates the Grand Jury Clause because it conjunctively charged multiple disjunctive offenses. Contrary to Defendant's assertion, the *Vann* court (1) was analyzing errors made as a result of the charging document at the conviction and sentencing phase, not errors within the indictment itself; and (2) found that an indictment charging a statute that was structurally similar to the offense charged here was proper. *See Vann*, 660 F.3d 771, (Doc. 161 at 4–5.) Furthermore, Defendant's argument that the use of the conjunctive in Count 4 is improper because attempt constitutes "a distinct offense" and a distinct means of violating the statute is baseless in light of *Whitfield* and *Vann*.

Accordingly, because the Government's use of the conjunctive in charging Count 4 of the indictment is in accordance with recent Fourth Circuit precedent and does not violate the Fifth Amendment's Grand Jury Clause, Defendant's Motion to Narrow Count Four must be DENIED.

### III. CONCLUSION

The Court DENIES Motion to Narrow Count Four because the Government correctly charged the two alternative offenses in the statute in the conjunctive under *Whitfield* and *Vann*. Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Narrow Count Four to Comply with the Grand Jury Clause (Doc. 118) is **DENIED.**

**IT IS SO ORDERED.**