**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4373**

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

      v.

MICHAEL LEONARD WOODARD, JR.,

            Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Terrence W. Boyle, District Judge.  (5:10-cr-00191-BO-1)

Submitted:  September 21, 2011      Decided:  October 18, 2011

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Leonard Woodard, Jr., pleaded guilty to possession with intent to distribute marijuana and MDMA, in violation of 21 U.S.C. § 841(a) (2006), and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S. C. § 924(c) (2006). The district court sentenced Woodard to a total of 180 months of imprisonment and he now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising a sentencing issue but stating that there are no meritorious issues for appeal. Woodard was informed of his right to file a pro se supplemental brief, but did not do so. The Government has filed a motion to dismiss Woodard's appeal based on Woodard's waiver of his right to appeal in his plea agreement. For the reasons that follow, we dismiss the appeal of Woodard's sentence and affirm his conviction.

A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2006). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). This court reviews the validity of an appellate waiver de novo, and will enforce the waiver if it is valid and the issue appealed is within the scope thereof. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

2

An appeal waiver is valid if the defendant knowingly and intelligently agreed to the waiver. Id. at 169. To determine whether a waiver is knowing and intelligent, this court examines "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks and citation omitted). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). We have thoroughly reviewed the record and conclude that Woodard knowingly and intelligently entered into the plea agreement and that the agreement waived Woodard's right to appeal his sentence under the circumstances presented.

Accordingly, because we conclude the appellate waiver was valid and bars Woodard from appealing his 180-month sentence, we grant the Government's motion to dismiss the appeal to the extent it seeks appellate review of Woodard's sentence. We have examined the entire record in accordance with the requirements of Anders and have found no meritorious issues for appeal. We therefore affirm Woodard's conviction.

3

This court requires that counsel inform Woodard, in writing, of the right to petition the Supreme Court of the United States for further review. If Woodard requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Woodard. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART