**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-4792

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

ANTHONY SEAN YANCEY, a/k/a Shizz,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Louise W. Flanagan, District Judge.  (4:10-cr-00106-FL-1)

Submitted:  January 27, 2012        Decided:  February 2, 2012

Before SHEDD, WYNN, and FLOYD, Circuit Judges.

Dismissed in part, vacated in part, and remanded by unpublished per curiam opinion.

Stacey A. Phipps, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Sean Yancey pled guilty pursuant to a plea agreement to one count of conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. § 846 (2006), and was sentenced to 155 months in prison. On appeal, Yancey asserts that his base offense level was incorrectly increased based on his purported career offender status because he argues that after United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), he has only one proper career offender predicate offense. Yancey also asserts that his sentence is unlawful because the district court calculated the drug weights with which to attribute him at sentencing based not on actual drug weight, but on statements made by confidential informants. Relying on the waiver of appellate rights in Yancey's plea agreement, the Government urges the dismissal of this appeal as to Yancey's drug weight calculation argument, and asks that we affirm as to Yancey's career offender classification. We dismiss in part, vacate in part, and remand.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the plea colloquy performed in accordance with Fed. R. Crim. P. 11, the waiver is both valid and

2

enforceable.  United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005).  The question of whether a defendant validly waived his right to appeal is a question of law that this court reviews de novo.  United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).  We conclude that Yancey knowingly and voluntarily waived the right to appeal any sentence imposed, reserving only the right to appeal a sentence above the Guidelines range calculated at sentencing and claims of ineffective assistance of counsel or prosecutorial misconduct.  Because the waiver is valid and precludes Yancey's challenge as to the district court's drug weight calculation, we dismiss the appeal in part.

Yancey's appellate waiver does not bar his claim that he was improperly classified as a career offender.[1]  The parties agree that Yancey's career offender classification depends on whether Yancey's September 13, 2007 North Carolina conviction for possession with intent to sell or deliver ecstasy, for which Yancey was sentenced to nine to eleven months in prison, remains a proper career offender predicate offense after Simmons, 649 F.3d at 244 (holding that a district court must look to whether a particular defendant could receive more than one year in prison based upon his offense class and prior record level to

---

[1] The Government agreed at sentencing that Yancey could appeal his career offender classification.

3

determine whether a prior North Carolina conviction may serve as a career offender predicate offense).

Under the North Carolina Structured Sentencing Act, sentences are contingent on two factors: the designated "class of offense" and the offender's "prior record level." N.C. Gen. Stat. § 15A-1340.13(b) (2009). Although the Government has included as an addendum to its appellate brief a copy of Yancey's state judgment of conviction, which suggests that the September 13th conviction was for a Class H offense, and that his prior record level was IV, the district court record is devoid of evidence establishing whether the conviction remains a proper career offender predicate offense after Simmons. Because the district court had no opportunity to consider the judgment of conviction for the September 13th conviction, and since the parties were not given the opportunity to litigate the judgment's validity or gauge its implication, we decline to take judicial notice over the judgment of conviction. See United States v. Vann, 660 F.3d 771, 776 n.6 (4th Cir. 2011). Accordingly, we vacate Yancey's sentence, in part, and remand the matter to the district court so it may determine, in the first instance, whether Yancey's September 13th conviction

remains a proper career offender predicate offense after Simmons.[2]

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
VACATED IN PART;
AND REMANDED

---

[2] By this disposition, we intimate no view as to whether Yancey remains a career offender after Simmons.