**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-7937**

———————

UNITED STATES OF AMERICA,

              Plaintiff – Appellant,

      v.

MICHAEL LEONARD WOODARD, JR.,

              Defendant - Appellee.

———————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  Terrence W. Boyle,
District Judge.  (5:10-cr-00191-BO-1; 5:12-cv-00106-BO)

———————

Submitted:  May 21, 2013                Decided:  June 6, 2013

———————

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

———————

Vacated and remanded by unpublished per curiam opinion.

———————

Thomas  G.  Walker,  United  States  Attorney,  Jennifer  P.
May-Parker, Ethan A. Ontjes, Assistant United States Attorneys,
Raleigh,  North  Carolina,  for  Appellant.  Thomas  P.  McNamara,
Federal Public Defender, Devon L. Donahue, Assistant Federal
Public Defender, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Woodard pleaded guilty to possession with intent to distribute marijuana and MDMA (ecstasy), in violation of 21 U.S.C. § 841(a) (2006), and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (2006). The district court originally sentenced Woodard to 180 months of imprisonment. Woodard appealed, and appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the district court erred in finding that Woodard was a career offender. We affirmed Woodard's conviction but granted the Government's motion to dismiss Woodard's appeal of his sentence based on the appellate waiver. See United States v. Woodard, 450 F. App'x 310 (4th Cir. 2011) (unpublished).

Woodard then filed a 28 U.S.C.A. § 2255 (West Supp. 2012) motion, again arguing that he did not qualify as a career offender, citing this court's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). The district court granted Woodard's motion, finding that this issue fell outside the scope of the waiver of collateral review and that under Simmons, Woodard no longer qualified as a career offender. The district court then resentenced Woodard to a total of 101 months of imprisonment. The Government now appeals, arguing that the district court erred in concluding that the career

2

offender issue was outside the scope of the appellate waiver and that such a claim is not cognizable on collateral review unless a defendant is actually innocent of the underlying offenses.

We review the validity of an appeal waiver de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). We will enforce an appeal waiver to preclude a defendant from raising an issue if the waiver is valid and the issue on appeal is within the scope of the waiver. Id.; see also United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) (defendant may waive the right to collaterally attack his conviction and sentence as long as the waiver is knowing and voluntary). We have thoroughly reviewed the record and conclude that the district court erred in concluding that Woodard's claim fell outside the scope of his appellate waiver. This court has already determined on direct appeal that Woodard's appellate waiver was knowing and voluntary, and that the Simmons issue fell within the scope of the appellate waiver. See United States v. Woodard, 450 F. App'x 310 (4th Cir. 2011) (unpublished); see also Lemaster, 403 F.3d at 220 n.2 ("[W]e see no reason to distinguish between waivers of direct-appeal rights and waivers of collateral-attack rights.").

Moreover, we conclude that this claim is not the type of issue that Woodard could not have reasonably contemplated at the time of his plea agreement. See Blick, 408 F.3d at 172

(claims that the district court erred in calculating the loss amount under the Guidelines and that the sentencing enhancements under the Guidelines violated the subsequently-decided opinion in United States v. Booker, 543 U.S. 220 (2005), did not fall outside the scope of the appellate waiver). Finally, our unpublished decision in United States v. Yancey, 463 F. App'x 202, 203 (4th Cir. 2012) (unpublished), is inapplicable to this appeal as the government there conceded at sentencing that the defendant could appeal his classification as a career offender.

Accordingly, we vacate the district court's order granting Woodard's § 2255 motion, vacate the sentence, and remand with instructions to enter the original judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

4