**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-7446**

———————

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

     v.

MICHAEL LEONARD WOODARD, JR.,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:10-cr-00191-BO-1; 5:12-cv-00106-BO)

———————

Submitted: March 30, 2016          Decided: April 7, 2016

———————

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Paul K. Sun, Jr., Kelly Margolis Dagger, ELLIS & WINTERS LLP, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Barbara D. Kocher, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Leonard Woodard appeals the district court's order denying relief on his 28 U.S.C. § 2255 (2012) motion. Woodard originally pleaded guilty to possession with intent to distribute marijuana and ecstasy, in violation of 21 U.S.C. § 841(a) (2012), and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (2012), pursuant to a plea agreement in which the Government agreed to move to dismiss the charge of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2012). The agreement included a waiver of Woodard's right to appeal any sentence not in excess of the advisory Guidelines range established at the sentencing hearing, and to collaterally attack the convictions or sentence except for claims of ineffective assistance of counsel and prosecutorial misconduct not known to Woodard at the time of his guilty plea.

The court originally sentenced Woodard below the advisory Guidelines range to 180 months of imprisonment based on the Government's motion for a departure for Woodard's substantial assistance. Woodard appealed, and counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the court erred in determining that Woodard was a career offender. We granted the Government's motion to dismiss Woodard's appeal of his sentence based on the appellate

2

waiver. United States v. Woodard, 450 F. App'x 310 (4th Cir. 2011) (No. 11-4373).

Woodard then filed a 28 U.S.C. § 2255 motion, arguing that he was no longer a career offender following this court's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). The district court granted Woodard's motion and resentenced him. On the Government's appeal, we vacated the district court's order and remanded, concluding that Woodard had waived his right to collaterally attack his sentence. United States v. Woodard, 523 F. App'x 262 (4th Cir. 2013) (No. 12-7937). The district court reinstated the original judgment and appointed new counsel for Woodard. Substitute counsel filed a supplemental § 2255 motion, arguing that Woodard's trial counsel rendered ineffective assistance in advising Woodard that he could challenge his career offender status on collateral review, despite his appellate waiver. The district court denied relief on Woodard's motion, but granted a certificate of appealability. 28 U.S.C. § 2253(c) (2012). Woodard now appeals. For the reasons that follow, we affirm.

We review the district court's legal conclusions de novo and its factual findings for clear error. United States v. Fulks, 683 F.3d 512, 516 (4th Cir. 2012). Woodard argues that his counsel rendered a deficient performance by erroneously informing Woodard that he could collaterally attack his sentence

3

in the face of his enforceable appellate waiver. Woodard also argues that he demonstrated that counsel's error prejudiced him as, had he been correctly advised, he would have rejected the Government's plea offer and instead pleaded guilty to all three counts without the benefit of a plea agreement.

We conclude that the court did not err in denying relief on Woodard's claim.* To prove a claim of ineffective assistance of counsel, a defendant must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). Under the second prong of the test in the context of a conviction following a guilty plea, a defendant can show prejudice only by demonstrating "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty

---

* In reaching this conclusion, we reject the Government's argument that Woodard's numerically second § 2255 motion was an unauthorized successive motion, as the district court reinstated the judgment following our remand of the court's order granting Woodard's first § 2255 motion. See In re Goddard, 170 F.3d 435, 436-38 (4th Cir. 1999) (noting that vacating and reinstating a judgment following successful § 2255 motion to allow defendant to appeal "resets to zero the counter of collateral attacks pursued") (internal quotation marks omitted).

We also reject the Government's contention that Woodard's claim is barred by his appellate waiver. The waiver explicitly excepted claims of ineffective assistance not known to Woodard at the time of his guilty plea.

and would have insisted on going to trial." <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985).

Here, assuming that counsel erroneously advised Woodard that he could challenge his career offender status on collateral review, we conclude that Woodard has failed to demonstrate prejudice for his claim of ineffective assistance. Woodard explicitly conceded that he would not have proceeded to trial had counsel correctly advised him that he could not later challenge his sentence on direct appeal or on collateral review if the law changed after our decision in <u>Simmons</u>. <u>See</u> <u>Hill</u>, 474 U.S. at 59. Moreover, Woodard has also failed to demonstrate that he would have pleaded guilty to all three counts rather than accepting the plea agreement. At the time of Woodard's guilty plea, he would have been an armed career criminal based on his prior convictions. <u>See</u> 18 U.S.C. § 924(e) (2012). Without the benefit of the plea agreement, therefore, Woodard would have faced a combined statutory mandatory minimum sentence of 240 months of imprisonment, without the benefit of a government substantial assistance motion. <u>See</u> 18 U.S.C. §§ 922(g)(1), 924(c), (e). Woodard has failed to demonstrate that it would have been rational to plead guilty to such penalties based on the chance that the law would change in the future. <u>See</u> <u>Padilla v. Kentucky</u>, 559 U.S. 356, 372 (2010) (petitioner must demonstrate "that a decision to reject [a] plea

5

bargain would have been rational under the circumstances" to satisfy the <u>Strickland</u> standard).

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

6