J-S16014-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TONY G. WALKER | : | |
| | : | |
| Appellant | : | No. 222 EDA 2021 |

Appeal from the Judgment of Sentence Entered December 3, 2020
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-CR-0000148-2020

BEFORE:   BENDER, P.J.E., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JULY 28, 2021**

Appellant, Tony G. Walker, appeals from the judgment of sentence of 96 to 192 months' incarceration, imposed after he pled guilty to four counts of delivery of a controlled substance under 35 P.S. § 780-113(a)(30).  On appeal, Appellant seeks to challenge the court's calculation of his prior record score ("PRS") and offense gravity score ("OGS").  Additionally, Appellant's counsel, Amanda L. Gumble, Esq., seeks to withdraw her representation of Appellant pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  After careful review, we deny counsel's petition to withdraw and remand for further action by counsel.

_____

[*] Former Justice specially assigned to the Superior Court.

The facts of Appellant's underlying convictions are not pertinent to the issues he seeks to raise on appeal. We need only note that on August 27, 2020, Appellant pled guilty to four counts of delivery of a controlled substance. The court ordered that a pre-sentence investigation report ("PSI") be prepared. In the PSI, the Pike County Probation Department recommended that the court assign Appellant a PRS of four based on prior offenses he had been convicted of in New York. The Probation Department also calculated Appellant's OGS as a nine, based on the fact that Appellant had delivered fentanyl in this case.

On December 1, 2020, Appellant filed a pre-sentence memorandum challenging the calculations of both his PRS and OGS. At the sentencing hearing on December 3, 2020, Appellant reiterated his arguments. *See* N.T. Sentencing Hearing, 12/3/20, at 7. The court ultimately agreed with the PRS and OGS recommendations of the Probation Department, and it sentenced Appellant to the aggregate term set forth above.

Appellant did not file a post-sentence motion.[1] Instead, on December 11, 2020, his counsel filed a petition to withdraw, which the trial court subsequently granted. Appellant then filed a timely, *pro se* notice of appeal

---

[1] Nevertheless, we conclude that Appellant has preserved the discretionary aspects of sentencing issues he seeks to raise herein by presenting them in his pre-sentence memorandum, and orally raising them at the sentencing hearing. ***See Commonwealth v. Evans***, 901 A.2d 528, 533-34 (Pa. Super. 2006) ("Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing.") (citation omitted).

and the court appointed Attorney Gumble to represent him. On January 7, 2021, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and he timely complied, preserving the following issues for our review:

> 1. … [T]he [t]rial [c]ourt erred and/or abused its discretion by inappropriately calculating the [OGS] in the above matter as a nine (9) based upon a conviction for the delivery of fentanyl when the plea agreement accepted in this matter indicated a plea to heroin/fentanyl in the conjunctive.
>
> 2. … [T]he [t]rial [c]ourt erred and/or abused its discretion by inappropriately calculating [Appellant's] [PRS] as a four (4) based upon [Appellant's] New York conviction for criminal sale where such conviction is not similar to the Pennsylvania statute.
>
> 3. … [T]he challenge to [Appellant's] [PRS] calculation is an appeal [of] the discretionary aspects of the sentence.

Rule 1925(b) Statement, 1/22/21, at 1-2 (unnumbered). On February 22, 2021, the trial court filed a Rule 1925(a) statement addressing these claims.

On April 1, 2021, Attorney Gumble filed with this Court a petition to withdraw from representing Appellant. That same day, counsel also filed an *Anders* brief, discussing the first two issues set forth in Appellant's Rule 1925(b) statement.[2] Attorney Gumble concludes that these issues are frivolous, and that Appellant has no other, non-frivolous issues he could pursue herein. Accordingly,

> this Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by

---

[2] Counsel properly did not address the third issue set forth in Appellant's Rule 1925(b) statement, as it is not a claim of error but, rather, a statement of law.

- 3 -

[the appellant]. ***Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

Prior to withdrawing as counsel on a direct appeal under ***Anders***, counsel must file a brief that meets the requirements established by our Supreme Court in ***Santiago***. The brief must:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361. Counsel also must provide a copy of the ***Anders*** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the ***Anders*** brief." ***Commonwealth v. Nischan***, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, … 936 A.2d 40 ([Pa.] 2007).

***Commonwealth v. Orellana***, 86 A.3d 877, 879-80 (Pa. Super. 2014). After determining that counsel has satisfied these technical requirements of ***Anders*** and ***Santiago***, this Court must then "conduct a simple review of the record to ascertain if there appear[s] on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

In this case, Attorney Gumble includes a summary of the relevant facts and procedural history, she sets forth her conclusion that Appellant's appeal is frivolous, and she states the law generally governing Appellant's PRS and

OGS challenges. Counsel also declares that she has supplied Appellant with a copy of her *Anders* brief, and she attached a letter directed to Appellant to her petition to withdraw in which she informed him of the rights enumerated in *Nischan*. Accordingly, counsel has complied with these technical requirements for withdrawal.

However, we determine that counsel has not sufficiently explained her conclusion that Appellant's issues are frivolous, discussed legal authority supporting her decision, or provided any meaningful assessment of the arguments Appellant raised before the trial court.

For instance, Attorney Gumble first addresses Appellant's claim that the court erred in calculating his PRS based on offenses he committed in New York.[3] *See Anders* Brief at 11-12. In the pre-sentence memorandum filed by Appellant's prior counsel, and orally at the sentencing hearing, Appellant contended that the Probation Department had improperly calculated his PRS as a four by erroneously considering the two drug-delivery offenses he committed in New York as being the equivalent of Pennsylvania's felony drug-delivery offense under 35 P.S. § 780-113(a)(30). "A prior conviction from another state court, federal court, or foreign jurisdiction 'is scored as a conviction for the current equivalent Pennsylvania offense.'"

_____

[3] Counsel labels this as Appellant's second issue, as she includes a first issue stating that "[t]here are no non-frivolous issues preserved for appeal." *Anders* Brief at 10. As this first issue merely introduces counsel's assessment of the ostensible frivolity of Appellant's PRS and OGS claims, we do not specifically address it herein.

***Commonwealth v. Spenny***, 128 A.3d 234, 242 (Pa. Super. 2015) (quoting 204 Pa.Code § 303.8(f)(1)). "If there is no current Pennsylvania equivalent, the trial court must base the grading of the crime on the maximum sentence allowed; if the grade of the prior felony conviction is unknown, it must be treated as an F3." ***Id.*** (citing 204 Pa. Code § 303.8(d)(2), (f)(3)). Additionally,

> when determining the Pennsylvania equivalent statute for a prior, out-of-state conviction for prior record score purposes, courts must identify the elements of the foreign conviction and on that basis alone, identify the Pennsylvania statute that "is substantially identical in nature and definition" to the out-of-state offense. Courts are not tasked with ascertaining the statute under which the defendant would have been convicted if he or she had committed the out-of-state crime in Pennsylvania. Rather, we must compare "the elements of the foreign offense in terms of classification of the conduct proscribed, its definition of the offense, and the requirements for culpability" to determine the Pennsylvania equivalent offense.

***Id.*** at 250.

Here, the Probation Department concluded that the two convictions Appellant had in New York for possession of narcotics with intent to sell, and criminal sale of a controlled substance, were the equivalent of felony PWID offenses under 35 P.S. § 780-113(a)(30) in Pennsylvania. In response, Appellant's prior counsel argued, in his pre-sentence memorandum, that the New York statutes were not equivalent to section 780-113(a)(30) because New York's definition of "sell" differs from the definition of "delivery" used in section 780-113(a)(3). Specifically, in New York, "sell" is defined as, "to sell, exchange, give or dispose of to another, ***or to offer*** or agree to do the same."

N.Y. Penal Law § 220.00 (emphasis added). Appellant insisted that the fact that New York law penalizes an **offer to sell** narcotics makes its drug statutes different from a delivery offense under section 780-113(a)(30). That provision states:

> (a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:
>
> ***
>
> (30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

35 P.S. § 780-113(a)(30). The Pennsylvania statute defines "delivery" as "the actual, constructive, or attempted transfer from one person to another of a controlled substance, other drug, device or cosmetic whether or not there is an agency relationship." 35 P.S. § 780-102.

In his pre-sentence memorandum, Appellant cited a federal case, **United States v. Glass**, 904 F.3d 319, 323 (3d Cir. 2018), to support his position that an offer to sell drugs in Pennsylvania is not covered by section 780-113(a)(30), thereby making the New York drug statutes different than Pennsylvania's delivery offense. Appellant focused on the following language in **Glass**:

> [W]e note that at least one other provision contained in [section] 780-113 expressly prohibits offers. **See** 35 P[.S.] § 780-113(a)(1) ("The manufacture, sale or delivery, holding, *offering for sale*, or possession of any controlled substance ...." (emphasis

- 7 -

added)). This language—*i.e.*, "offering for sale"—is conspicuously absent from [section] 780-113(a)(30). Obviously, the Pennsylvania legislature knew how to criminalize offers; it simply chose not to in [section] 780-113(a)(30).

***Glass***, 904 F.3d at 323.

In rejecting Appellant's attempt to distinguish the New York and Pennsylvania statutes, the trial court simply "found that the language of the Pennsylvania statute is similar to the language of the New York statute which specifically includes an 'offer' to sell." Trial Court Opinion (TCO), 2/22/21, at 5. The court reasoned:

> [A]n offer to sell is substantial in nature to the attempted transfer from one person to another of a controlled substance as defined in the Pennsylvania statute. The language in the Pennsylvania statute does not have to be equivalent to the language of an out-of-state statute. Therefore, we maintain our determination of [Appellant's] prior record score as a four (4) was appropriate and within our discretion as the sentencing court.

***Id.***

Notably, the court did not distinguish ***Glass***, or cite any Pennsylvania law to support its decision that an attempted transfer of drugs is equivalent to an offer to sell. Additionally, the record before us is devoid of any analysis by the trial court of the elements of the New York offenses for which Appellant was convicted, the conduct proscribed by the pertinent statutes, or the requirements for culpability. ***See Spenny, supra***. Rather, it appears that the court simply accepted the Probation Department's conclusion that section

- 8 -

780-113(a)(30) is equivalent to Appellant's New York convictions, without conducting any independent analysis.[4] *See* N.T. Sentencing at 15.

In Attorney Gumble's *Anders* brief, she sets forth the general law governing PRS calculations based on out-of-state convictions, and she explains that the trial court "relied on the [PSI] provided by the Pike County Probation Office[,] which assessed [Appellant's] New York State convictions as being [f]elony[-]level offenses that would carry a [PRS] of two points each; therefore, … Appellant's [PRS] was determined to be a four (4)." *Anders* Brief at 11. Then, to explain why Appellant's PRS challenge is frivolous, counsel provides the following, single sentence: "The New York State convictions of criminal possession of narcotics with intent to sell and criminal sale of a controlled substance are equivalent to [a] felony drug offense under Pennsylvania law and were properly assessed [at] two (2) points each." *Id.* at 12.

Attorney Gumble's cursory assessment fails to demonstrate that Appellant's PRS issue is wholly frivolous. Namely, counsel does not address the arguments raised by Appellant's prior counsel in his pre-sentence memorandum, or explain why they were properly rejected by the trial court. Counsel also fails to acknowledge that the court simply accepted the Probation Department's recommendation for Appellant's PRS, without analyzing the

---

[4] The certified record does not contain the PSI in which, presumably, the Probation Department set forth the facts of Appellant's New York convictions, and the basis for its conclusion that those convictions are equivalent to offenses under section 780-113(a)(30).

elements of the New York and Pennsylvania statutes, citing any legal authority, or addressing the case law relied upon by Appellant.

Likewise, Attorney Gumble provides an insufficient analysis of Appellant's OGS challenge to demonstrate that it is frivolous. In the pre-sentence memorandum, Appellant's prior counsel explained that "[t]he Probation Office's determination that the [OGS] is [nine] is based upon a conviction for the delivery of fentanyl[,]" but the criminal information charged delivery of heroin **and** fentanyl. **See** Pre-Sentence Memorandum at 6; **see also** Criminal Information, 6/22/20, at 1 (single page). Again relying on federal case law, prior counsel argued that Appellant had pled guilty to delivering heroin and fentanyl "in the conjunctive" and, consequently, that Appellant's OGS should have been based on his delivering heroin, rather than fentanyl. **Id.** (discussing **Young v. Holder**, 697 F.3d 976, 987 (9th Cir. 2012), and **Unites States v. Vann**, 660 F.3d 771 (4th Cir. 2011)). Consequently, prior counsel asserted that Appellant's OGS should be a six, not a nine. **Id.**

In Attorney Gumble's **Anders** brief, she again provides the general law pertaining to the calculation of an OGS. **Anders** Brief at 12. She then states:

> Pursuant to Section 303.3(e) of the Pennsylvania Sentencing Guideline Standard[,] "[i]f any mixture or compound contains a detectable amount of more than one controlled substance, the mixture or compound shall be deemed to be composed entirely of the controlled substance which has the *highest* [OGS]." 204 Pa. Code § 303.3(e) (emphasis added). Here, fentanyl has an [OGS] of nine (9) and heroin has an [OGS] of six (6). Therefore, it was proper under the Pennsylvania Sentencing Guidelines, and

pursuant to the plea agreement, for the trial court to determine that the [OGS] to be used in this case was a nine (9).

*Id.* at 13. Notably, Attorney Grumble does not discuss the argument that Appellant's prior counsel raised before the sentencing court in challenging the OGS of nine. Accordingly, Attorney Grumble has not demonstrated that Appellant's OGS claim is wholly frivolous.

For these reasons, we are compelled to deny Attorney Gumble's petition to withdraw. We direct counsel to either file an amended ***Anders*** brief assessing Appellant's issues in more detail, or file an advocate's brief, within 30 days of the date of this memorandum. The Commonwealth shall thereafter have 30 days to file a responsive brief.[5]

Petition to withdraw denied. Case remanded for further action by counsel. Panel jurisdiction retained.

---

[5] In its instant brief, the Commonwealth presents no argument. Instead, it states that it has "no obligation to file an advocate's brief in response to an ***Anders*** brief[,] unless the reviewing court determines the existence of meritorious issues on appeal." Commonwealth's Brief at 6. Given our decision herein, we direct the Commonwealth to file an advocate's brief.