J-S16014-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                                :             PENNSYLVANIA

            :

               v.                     :

            :

            :

TONY G. WALKER                 :

            :

               Appellant         :      No. 222 EDA 2021

Appeal from the Judgment of Sentence Entered December 3, 2020
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-CR-0000148-2020

BEFORE:   BENDER, P.J.E., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:       **FILED NOVEMBER 16, 2021**

Appellant, Tony G. Walker, appeals from the judgment of sentence of 96 to 192 months' incarceration, imposed after he pled guilty to four counts of delivery of a controlled substance under 35 P.S. § 780-113(a)(30). On appeal, Appellant seeks to challenge the court's calculation of his prior record score ("PRS") and offense gravity score ("OGS"). Additionally, Appellant's counsel, Amanda L. Gumble, Esq., seeks to withdraw her representation of Appellant pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). After careful review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

---

[*] Former Justice specially assigned to the Superior Court.

The facts of Appellant's underlying convictions are not pertinent to the issues he seeks to raise on appeal. We need only note that on August 27, 2020, Appellant pled guilty to four counts of delivery of a controlled substance. The court ordered that a pre-sentence investigation report ("PSI") be prepared. In the PSI, the Pike County Probation Department recommended that the court assign Appellant a PRS of four based on prior offenses he had committed in New York. The Probation Department also calculated Appellant's OGS as a nine because he had delivered fentanyl in this case.

On December 1, 2020, Appellant filed a pre-sentence memorandum challenging the calculations of both his PRS and OGS. At the sentencing hearing on December 3, 2020, Appellant reiterated his arguments. **See** N.T. Sentencing Hearing, 12/3/20, at 7. The court ultimately agreed with the PRS and OGS recommendations of the Probation Department, and it sentenced Appellant to the aggregate term set forth above.

Appellant did not file a post-sentence motion.[1] Instead, on December 11, 2020, his counsel filed a petition to withdraw, which the trial court subsequently granted. Appellant then filed a timely, *pro se* notice of appeal and the court appointed Attorney Gumble to represent him. On January 7,

_____

[1] Nevertheless, we conclude that Appellant has preserved the discretionary aspects of sentencing issues he seeks to raise herein by presenting them in his pre-sentence memorandum, and orally raising them at the sentencing hearing. **See Commonwealth v. Evans**, 901 A.2d 528, 533-34 (Pa. Super. 2006) ("Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing.") (citation omitted).

- 2 -

2021, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and he timely complied, preserving the following issues for our review:

> 1. … [T]he [t]rial [c]ourt erred and/or abused its discretion by inappropriately calculating the [OGS] in the above matter as a nine (9) based upon a conviction for the delivery of fentanyl when the plea agreement accepted in this matter indicated a plea to heroin/fentanyl in the conjunctive.
>
> 2. … [T]he [t]rial [c]ourt erred and/or abused its discretion by inappropriately calculating [Appellant's] [PRS] as a four (4) based upon [Appellant's] New York conviction for criminal sale where such conviction is not similar to the Pennsylvania statute.
>
> 3. … [T]he challenge to [Appellant's] [PRS] calculation is an appeal [of] the discretionary aspects of the sentence.

Rule 1925(b) Statement, 1/22/21, at 1-2 (unnumbered). On February 22, 2021, the trial court filed a Rule 1925(a) statement addressing these claims.

On April 1, 2021, Attorney Gumble filed with this Court a petition to withdraw from representing Appellant. That same day, counsel also filed an **Anders** brief, discussing the first two issues set forth in Appellant's Rule 1925(b) statement.[2] Attorney Gumble concludes that these issues are frivolous, and that Appellant has no other, non-frivolous claims he could pursue herein. Accordingly,

> this Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by

---

[2] Counsel properly did not address the third issue set forth in Appellant's Rule 1925(b) statement, as it is not a claim of error but, rather, a statement of law.

[the appellant]. *Commonwealth v. Goodwin,* 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

Prior to withdrawing as counsel on a direct appeal under *Anders,* counsel must file a brief that meets the requirements established by our Supreme Court in *Santiago.* The brief must:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago,* 978 A.2d at 361. Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan,* 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, … 936 A.2d 40 ([Pa.] 2007).

*Commonwealth v. Orellana*, 86 A.3d 877, 879-80 (Pa. Super. 2014). After determining that counsel has satisfied these technical requirements of *Anders* and *Santiago*, this Court must then "conduct a simple review of the record to ascertain if there appear[s] on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

On July 28, 2021, this Court filed a memorandum decision concluding that Attorney Gumble had complied with the technical requirements for withdrawal. *See Commonwealth v. Walker*, 222 EDA 2021, unpublished

memorandum at 5 (Pa. Super. filed July 28, 2021). Specifically, we noted that counsel had included in her *Anders* brief a summary of the relevant facts and procedural history, set forth her conclusion that Appellant's appeal is frivolous, and cited the law generally governing Appellant's PRS and OGS challenges. *Id.* at 4-5. Counsel also declared that she had supplied Appellant with a copy of her *Anders* brief, and she attached a letter directed to Appellant to her petition to withdraw in which she informed him of the rights enumerated in *Nischan*. *Id.* at 5.

However, we determined that counsel had not sufficiently explained her conclusion that Appellant's issues are frivolous, discussed legal authority supporting her decision, or provided a meaningful assessment of the arguments Appellant raised before the trial court. *Id.* at 5-11. Thus, we remanded for counsel to either file an amended *Anders* brief or an advocate's brief on Appellant's behalf. *Id.* at 11. On August 20, 2021, counsel filed an amended *Anders* brief. Counsel also subsequently provided proof that she served Appellant with her amended *Anders* brief. To date, Appellant has not filed a *pro se* response. Thus, we now assess Attorney Gumble's conclusion that the issues Appellant seeks to raise on appeal are frivolous.

Preliminarily, we note that Appellant's challenges to the calculation of his PRS and OGS implicate the discretionary aspects of his sentence. *See Commonwealth v. Bullock*, 170 A.3d 1109, 1122 (Pa. Super. 2017) (finding that a challenge to a PRS implicates the discretionary aspects of a sentence);

*Commonwealth v. Archer*, 722 A.2d 203, 211 (Pa. Super. 1998) (holding

that a challenge to the OGS implicates the discretionary aspects of sentence).

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > We conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).
> >
> > *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, … 909 A.2d 303 ([Pa.] 2006). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. *Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, … 831 A.2d 599 ([Pa.] 2003).
> >
> > The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Sierra, supra* at 912–13.

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010)).

Here, Appellant filed a timely notice of appeal, and he preserved his

issues before, and during, the sentencing hearing. While Attorney Gumble

has not included a Rule 2119(f) statement in her ***Anders*** brief, this Court has not considered such a failure as precluding review where counsel is seeking to withdraw. ***See Commonwealth v. Zeigler***, 112 A.3d 656, 661 (Pa. Super. 2015). Moreover, we deem Appellant's challenges to his PRS and OGS as constituting substantial questions for our review. ***Bullock***, 170 A.3d at 1122; ***Commonwealth v. Lamonda***, 52 A.3d 365, 371 (Pa. Super. 2012) (concluding that Lamonda presented a substantial question by claiming the court erred in calculating his OGS).

Accordingly, we will assess the merits of Appellant's sentencing claims. In doing so, we are mindful that,

> [s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Shugars***, 895 A.2d 1270, 1275 (Pa. Super. 2006).

Appellant first seeks to argue that the court erred in calculating his PRS based on an offense he committed in New York.[3] ***See*** Amended ***Anders*** Brief at 7-12. In Appellant's pre-sentence memorandum, and orally at the sentencing hearing, he contended that the Probation Department had

---

[3] Attorney Gumble labels this as Appellant's second issue, as she includes a first issue stating that "[t]here are no non-frivolous issues preserved for appeal." Amended ***Anders*** Brief at 7. Because this first issue merely introduces counsel's assessment of the ostensible frivolity of Appellant's PRS and OGS claims, we do not specifically address it herein.

improperly calculated his PRS as a four, rather than a two, by erroneously considering his conviction in New York for criminal sale of a controlled substance as being the equivalent of Pennsylvania's felony drug-delivery offense under 35 P.S. § 780-113(a)(30).

Before addressing the specifics of Appellant's argument, we note that "[a] prior conviction from another state court, federal court, or foreign jurisdiction 'is scored as a conviction for the current equivalent Pennsylvania offense.'" *Commonwealth v. Spenny*, 128 A.3d 234, 242 (Pa. Super. 2015) (quoting 204 Pa.Code § 303.8(f)(1)). "If there is no current Pennsylvania equivalent, the trial court must base the grading of the crime on the maximum sentence allowed; if the grade of the prior felony conviction is unknown, it must be treated as an F3." *Id.* (citing 204 Pa. Code § 303.8(d)(2), (f)(3)).

> Additionally, when determining the Pennsylvania equivalent statute for a prior, out-of-state conviction for prior record score purposes, courts must identify the elements of the foreign conviction and on that basis alone, identify the Pennsylvania statute that "is substantially identical in nature and definition" to the out-of-state offense. Courts are not tasked with ascertaining the statute under which the defendant would have been convicted if he or she had committed the out-of-state crime in Pennsylvania. Rather, we must compare "the elements of the foreign offense in terms of classification of the conduct proscribed, its definition of the offense, and the requirements for culpability" to determine the Pennsylvania equivalent offense.

*Id.* at 250.

Here, before and during his sentencing proceeding, Appellant argued that his New York conviction for criminal sale of a controlled substance is not equivalent to a delivery under section 780-113(a)(30) and, thus, "the

conviction cannot be a felony for purposes of [Appellant's PRS]." Pre-Sentence Memorandum, 12/1/20, at 5. In particular, Appellant averred that the New York statute is not equivalent to section 780-113(a)(30) because New York's definition of "sell" differs from the definition of "delivery" used in section 780-113(a)(30). In New York, "sell" is defined as, "to sell, exchange, give or dispose of to another, **or to offer** or agree to do the same." N.Y. Penal Law § 220.00 (emphasis added). Appellant insisted that because the offense of criminal sale of a controlled substance in New York includes an **offer to sell** narcotics, that crime is different from a delivery offense under section 780-113(a)(30). That provision states:

> (a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:
>
> ***
>
> (30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

35 P.S. § 780-113(a)(30). The Pennsylvania statute defines "delivery" as "the actual, constructive, or attempted transfer from one person to another of a controlled substance, other drug, device or cosmetic whether or not there is an agency relationship." 35 P.S. § 780-102. Appellant claimed that because the definition of "delivery" does not encompass an offer to sell, section 780-

113(a)(30) is not the equivalent of New York's offense of criminal sale of a controlled substance for PRS calculation purposes.

To support this argument, Appellant relied primarily on a federal case, *United States v. Glass*, 904 F.3d 319, 323 (3d Cir. 2018). Appellant focused on the following language in *Glass*:

> [W]e note that at least one other provision contained in [section] 780-113 expressly prohibits offers. *See* 35 P[.S.] § 780-113(a)(1) ("The manufacture, sale or delivery, holding, *offering for sale*, or possession of any controlled substance ...." (emphasis added)). This language—*i.e.*, "offering for sale"—is conspicuously absent from [section] 780-113(a)(30). Obviously, the Pennsylvania legislature knew how to criminalize offers; it simply chose not to in [section] 780-113(a)(30).

*Glass*, 904 F.3d at 323. Appellant claimed that the interpretation of section 780-113(a)(30) by the Court in *Glass* was correct, and that an offer for sale of a controlled substance does not constitute a "delivery" under section 780-113(a)(30).

In rejecting Appellant's attempt to distinguish the New York and Pennsylvania statutes, the trial court "found that the language of the Pennsylvania statute is similar to the language of the New York statute which specifically includes an offer to sell." Trial Court Opinion (TCO), 2/22/21, at 5 (quotation marks omitted). The court reasoned:

> [A]n offer to sell is substantial in nature to the attempted transfer from one person to another of a controlled substance as defined in the Pennsylvania statute. The language in the Pennsylvania statute does not have to be equivalent to the language of an out-of-state statute. Therefore, we maintain our determination of [Appellant's] prior record score as a four (4) was appropriate and within our discretion as the sentencing court.

- 10 -

*Id.*

After carefully considering Appellant's argument, we conclude that the trial court did not abuse its discretion in calculating his PRS. First, Attorney Gumble correctly points out in her amended *Anders* brief, *Glass* is not binding authority, as "federal court decisions do not control the determination of the Superior Court." Amended *Anders* Brief at 9 (quoting *NASDAQ OMX PHLX, Inc. v. PennMont Secs.*, 52 A.3d 296, 303 (Pa. Super. 2012)). *Glass* also did not involve a comparison of New York's and Pennsylvania's drug statutes. Instead, the *Glass* Court assessed whether a conviction under section 780-113(a)(30) qualifies as a predicate offense triggering the career offender enhancement under U.S.S.G. § 4B1.1(a). Thus, we agree with Attorney Gumble that *Glass* is inapplicable to the issue at hand.

In any event, we would reject the conclusion in *Glass* that section 780-113(a)(1)'s use of the phrase "offer for sale," while that language is omitted from section 780-113(a)(30) and the definition of "delivery," indicates that the legislature did not intend for section 780-113(a)(30) to encompass an offer for sale. Notably, the *Glass* Court disregarded that section 780-113(a)(1) prohibits "[t]he manufacture, sale or delivery, holding, offering for sale, or possession of any controlled substance, other drug, device or cosmetic *that is adulterated or misbranded*." 35 P.S. § 780-113(a)(1) (emphasis

added).[4]  Thus, section 780-113(a)(1) criminalizes an offer to sell a drug that has been mixed with an inferior substance, or labeled in a misleading way, leaving open the possibility that the legislature intended section 780-113(a)(30) to criminalize an offer to sell a drug that has not been adulterated or misbranded.  This interpretation is supported by the legislature's inclusion of the phrase, "attempted transfer," in the definition of "delivery," as it is logical to presume that an offer to sell a controlled substance could constitute an attempt to transfer that substance in certain circumstances.

In sum, we conclude that New York's offense of criminal sale of a controlled substance is substantially identical to a delivery offense under section 780-113(a)(30) and, thus, the court did not abuse its discretion in assigning Appellant a PRS of four.

Next, Appellant seeks to challenge the OGS used by the court in fashioning his sentence.  In Appellant's pre-sentence memorandum, he explained that "[t]he Probation Office's determination that the [OGS was nine] is based upon a conviction for the delivery of fentanyl[,]" but the criminal information charged delivery of heroin **and** fentanyl.  **See** Pre-Sentence

_____

[4] "Adulterated," which is not defined by the statute, is defined by Merriam-Webster's Dictionary as "weakened or lessened in purity by the addition of a foreign or inferior substance or element."  Merriam-Webster Dictionary, "Adulterated," *available at* https://www.merriam-webster.com/dictionary/adulterated.  That dictionary defines "misbranded" as "to brand falsely or in a misleading way."  Merriam-Webster Dictionary, "Misbranded," *available at* https://www.merriam-webster.com/dictionary/misbranded.

Memorandum at 6; *see also* Criminal Information, 6/22/20, at 1 (single page). Again, relying on federal case law, Appellant argued that he had pled guilty to delivering heroin and fentanyl "in the conjunctive" and, consequently, his OGS should have been based on his delivering heroin, rather than fentanyl. Pre-sentence Memorandum at 6 (discussing *Young v. Holder*, 697 F.3d 976, 987 (9th Cir. 2012), and *Unites States v. Vann*, 660 F.3d 771 (4th Cir. 2011)). Had his OGS been based on heroin, it would have been a six, rather than a nine for fentanyl. *Id.*

Appellant's argument is unavailing. First, as Attorney Gumble reiterates in her Amended *Anders* brief, federal law is not binding on this Court. *See* Amended *Anders* Brief at 13 (citing *NASDAQ*, *supra*). Second, although the criminal information stated that Appellant was charged with delivering heroin *and* fentanyl, his guilty plea colloquy demonstrated that he was pleading to delivering a heroin/fentanyl mixture. *See* Written Plea Colloquy, 8/27/20, at 4. As the trial court explained at the sentencing hearing, the Sentencing Guidelines state:

> (e) Violations of The Controlled Substance, Drug, Device and Cosmetic Act (35 P.S. §§ 780-101--780-144). If any mixture or compound contains any detectable amount of a controlled substance, the entire amount of the mixture or compound shall be deemed to be composed of the controlled substance. **If a mixture or compound contains a detectable amount of more than one controlled substance, the mixture or compound shall be deemed to be composed entirely of the controlled substance which has the highest [OGS].**

204 Pa.Code § 303.3(e) (emphasis added). Thus, because Appellant pled guilty to delivering a heroin/fentanyl mixture, the court properly applied the

OGS for delivery of fentanyl, which is higher than the OGS for delivery of heroin. *See* 204 Pa.Code § 303.15. Appellant's challenge to his OGS is frivolous.

Because we conclude that both issues Appellant seeks to raise on appeal are frivolous, and we discern no other, non-frivolous claims he could raise herein, we affirm his judgment of sentence and grant Attorney Gumble's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

President Judge Emeritus Stevens joins this memorandum. Judge McLaughlin concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/16/2021</u>